CAPLAN v. MONESS.

(Supreme Court, Appellate Term.　June 25, 1909.)

VENDOR AND PURCHASER (§ 121*)—REMEDIES OF PURCHASER—RESCISSION—SUFFICIENCY.

Where one who had agreed to purchase property because of fraudulent representations did not receive anything under the contract, and his agent who had conducted the transaction told the seller in the purchaser's presence, upon discovering the misrepresentations, that he would not let the deal go through, and the purchaser did not go on with the transac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion, but assigned his claim to recover the earnest money paid, his disaffirmance of the contract was sufficient, without any writing or ceremonious denunciation of the fraud.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 218, 219; Dec. Dig. § 121.*]

Appeal from City Court of New York, Trial·Term.

Action by Louis Caplan against Hyman Moness·to recover earnest money paid for realty purchased upon misrepresentations. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Herman S. Fried, for appellant.
Goldfogle, Cohn & Lind, for respondent.

MacLEAN, J. There was sufficient testimony for the consideration of the jury that on March 27, 1905, the plaintiff's assignor, one Tillinghast, a machinist, came from his home in a remote rural county of Pennsylvania, saw an acquaintance, one Jacobs, whom he regarded as his friend, but who turned out to be one of a pair of brokers employed by the defendant at three times the usual compensation to sell certain property in East 113th street, visited the premises, and then with the other broker, one Levy, went to the office of the defendant, who told his price, $24,500, and stated that the rentals were $213 a month—$2,556 a.year—exclusive of the basement, occupied by the janitor without rent, but valued at $10 a month; that Tillinghast, relying on the statement of the rentals and upon Jacobs, agreed to take the property at Moness' price, signed the contract to purchase, paid thereon $500, and largely left the arrangement of details to Jacobs and the examination of the title to a lawyer; that he did not visit the property again, because Moness said it would not be advisable to go and see the tenants, as they might, on account of the property changing hands, get scared, and think the rent was going to be raised, and leave; that on May 18th, the day set for passing the title, Mr. Tillinghast came again, and that then, on the apportionment of rents, it came out from the statements of defendant and of Levy that the rentals were less than represented by more than $300; that the defendant, on being asked by Tillinghast how it came that the rentals were not as represented, said: "That is all right. The rental is all right. The property is all right. It is a good property, and you can raise the rent. The rentals can be raised," and went on talking pretty fast, and that Jacobs said in the presence of Tillinghast and Moness: "Here, this rental is two or three hundred dollars, or three or four hundred dollars, less than represented in our first meeting, and I will not let the deal go through," and thereafter Tillinghast, who, as he said, took a·back seat and left the details to Jacobs and the lawyer, did not go on with the transaction, but assigned to the plaintiff his claim for the return of the earnest money, cost of examination of title, with incidentals, payments which he was induced to make by the representations made by the defendant with the intent to deceive and defraud him, upon the false and

fraudulent misrepresentation of the rental income of the property, upon which the plaintiff had relied. On the resting of the plaintiff, the learned trial justice dismissed the complaint on motion of the defendant's counsel, on the ground that there had been no rescission of the contract proven and no proof of its rescission offered.

To sustain his nonsuit, the respondent's counsel cites two cases (Gould v. Cayuga Nat. Bank, 86 N. Y. 75; Rothstein v. Isaac, 124 App. Div. 133, 108 N. Y. Supp. 896), cases perhaps selected for an appeal in another cause, perhaps furnished inadvertently by the brief maker in a busy office. From the long opinion written in the first by an effusive opinion writer is taken a didactic sentence, uncalled for by the case, as stated by the opposing lawyers, G. F. Comstock and W. F. Cogswell, supposedly competently aware of their controversy, but containing a doctrine said, in the sentence quoted by counsel here, to have been held in Stevens v. Hyde (back in Barbour and before the War), wherein was written, in an opinion of a dozen pages with citations of and from six to forty cases and three text-books:

"These expressions are well enough, and are true, rightly understood; but they are obviously not unqualifiedly true. They embrace as much truth as can be compressed into so few words; but they show the insufficiency of human language to express in short aphorisms all of truth."

With, at the very end, as the conclusion of the whole matter then before the Monroe General Term:

"When, therefore, the plaintiffs refused on the trial to make full restitution of all they had received towards the purchase of the goods, I can see no other course that could have been taken at the circuit except for the court to order a nonsuit."

To this the plaintiff here cannot cavil. The disappointed Tillinghast had received nothing, and was only out of his money. His simple disaffirmance of his bargain by words and conduct was sufficient, without any writing and without any ceremonious denunciation of the transaction, which, as shown upon the trial prima facie, was a bad bargain.

In the opinion in the other case, long also, and as recent as last year, "somewhat similar to the case at bar," it was not "clearly held that before an action for damages because of fraud could be maintained the contract must first be rescinded." On the contrary, nothing was said about rescission; but the judgment on the verdict of the jury, awarding the return of the money paid upon false representations as to the rentals, was set aside only because the misrepresentations respecting the rental were not made by the seller, but by his zealous father, assuming to act as agent and broker, and because it was considered "entirely misleading to say to the jury that they could find the fraud which was essential to a disaffirmance of this contract from a purely unintentional error made by an agent under such circumstances." The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs. SEABURY, J., concurs in result.